## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSICA JANSON, | |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | C.A. NO. |
| NATIONAL ENTERPRISE SYSTEMS, INC., | |
| Defendant | |

## COMPLAINT

NOW COMES the Plaintiff, JESSICA JANSON, and her attorneys, KIMMEL & SILVERMAN, P.C., and for her Complaint against the Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., Plaintiff alleges the following:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

2. Plaintiff is an adult individual who resides in Greenwood, Delaware.

3. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

4. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed to another.

5. Defendant is a corporation of the State of Ohio with its principal place of business at 29125 Solon Road, Solon, Ohio.

6. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §§1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

7. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

8. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital

instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

9. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

10. On or about August 31, 2009, Defendant contacted Plaintiff in an effort to collect a personal obligation alleged to be due by her husband, Hank Janson, a third party.

11. Defendant harassed Plaintiff, knowing Plaintiff did not owe the debt.

12. Defendant discussed the alleged debt of Plaintiff's husband with Plaintiff, Jessica Janson.

13. Defendant, by and through a person who failed to identify himself, threatened that Plaintiff and her husband "have a lot to lose" and then began itemizing Plaintiff's mortgage information, car and motorcycle information, and the name of Plaintiff's husband's employer.

14. Defendant then demanded a check in the amount of $647.00 immediately and warned if Plaintiff failed to produce such a check, then Plaintiff's husband's wages would be garnished.

15. Although the debt was not hers, Plaintiff attempted to set up a payment schedule with Defendant in an effort to avoid her husband's wages being garnished.

16. Defendant refused to set up a payment schedule and instead belittled Plaintiff stating, "How can I trust you to do that when you haven't paid Chase a dime in over a year!"

17. Feeling threatened and out of options, Plaintiff reluctantly gave Defendant a check in the amount of $647.00, post-dated for September 28, 2009.

18. Defendant took these actions, knowing Plaintiff did not owe the debt.

## CONSTRUCTION OF APPLICABLE LAW

19. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

20. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §§1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

21. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but

for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon,* 988 F. 2d at 1318.

## COUNT I

22. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse in violation of 15 U.S.C §1692d; d(1); d(6)

   b) Engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number violation of 15 U.S.C. §1692;

   c) Misrepresenting the amount of the debt in violation of § 1692e(2);

   d) Misrepresenting or implying that nonpayment of any debt will result in arrest or imprisonment of any person or the seizure, garnishment, attachment or sale of any property or wages, in violation of 15 U.S.C. §1692e(4);

   e) Making deceptive, false or misleading representations when attempting to collect a debt in violation of 15 U.S.C. §§1692e; and e(5);

   f) Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

g) Acceptance of a check postdated by more than 5 days in violation of 15 U.S.C. §1692f(2);

h) The collection of amounts expressly not permitted by law in violation of 15 U.S.C.§1692f(1);

i) Failing to send written notice of the alleged debt, in accordance with 15 U.S.C. §1692(g)(a), and

j) Engaging in communications with a Third Party without prior consent of the consumer given directly to the debt collector, or court of competent jurisdiction in violation of 15 U.S.C. §1692c(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages;

d. Costs and reasonable attorney's fees; and

e. Any other relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted,

Date: 11/2/2009                KIMMEL & SILVERMAN P.C.

By: /s/ Kate G. Shumaker
Attorneys for Plaintiff
Silverside Carr Executive Center
501 Silverside Rd., STE 118
Wilmington, DE 19809